UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC ANTHONY DAVIS,

    Petitioner,

v.                                                      Case No. 17-11208

DUNCAN MACLAREN,                HON. MARK A. GOLDSMITH

    Respondent.
_____/

**OPINION & ORDER
SUMMARILY DISMISSING THE HABEAS PETITION, DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN
FORMA PAUPERIS**

Petitioner Eric Anthony Davis, confined at the Kinross Correctional Facility in Kincheloe, Michigan, recently filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging his Saginaw County convictions for conspiracy to commit armed robbery, armed robbery, assault with intent to do great bodily harm less than murder, and two firearm offenses. Petitioner's sole ground for habeas relief is that the state trial court erred when it determined that the Michigan Supreme Court's ruling in People v. Lockridge, 870 N.W.2d 502 (Mich. 2015), was procedural and, therefore, did not apply retroactively to Petitioner's case. Because the retroactivity of a state-court decision is an issue for the state court to decide, the Court will dismiss the petition.[2]

**I. BACKGROUND**

---

[2] The Court declines to address whether Petitioner has procedurally defaulted his claim or whether his claim may be barred by the habeas statute of limitations, because "a procedural default, that is, a critical failure to comply with state procedural law, is not a jurisdictional matter." Trest v. Cain, 522 U.S. 87, 89 (1997). The statute-of-limitations defense also is not jurisdictional, Holland v. Florida, 560 U.S. 631, 645 (2010), and the Court finds it more efficient to go directly to the merits of Petitioner's claim than to determine whether the claim is procedurally defaulted or untimely.

1

Following a jury trial in Saginaw County Circuit Court, Petitioner was found guilty of: conspiracy to commit armed robbery, Mich. Comp. Laws § 750.157a, Mich. Comp. Laws § 750.529; armed robbery, Mich. Comp. Laws § 750.529; assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b; and felon in possession of a firearm, Mich. Comp. Laws § 750.224f. Pet. ¶ 1; People v. Davis, No. 260597, 2006 WL 2271266, at *1 (Mich. Ct. App. Aug. 8, 2006). The trial court sentenced Petitioner as a habitual offender to concurrent terms of twenty-one to fifty years in prison for the conspiracy conviction, twenty-nine to fifty years for the robbery conviction, six and a half to fifteen years for the assault conviction, and three to seven and a half years in prison for the felon-in-possession conviction. Pet. ¶ 5; Davis, 2006 WL 2271266, at *1. Petitioner received a consecutive term of two years in prison for the felony-firearm conviction. Davis, 2006 WL 2271266, at *1.

Petitioner challenged his sentence in an appeal as of right. He argued that the trial court violated Blakely v. Washington, 542 U.S. 296 (2004), when scoring offense variables 7 and 14 of the Michigan sentencing guidelines. He also claimed that his sentence was based on inaccurate information and was disproportionate, and that the trial court punished him for exercising his right to a trial. Davis, 2006 WL 2271266, at *1-3. The Michigan Court of Appeals found no merit in Petitioner's arguments and affirmed his sentence. Id. The Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues presented to it. People v. Davis, 723 N.W.2d 864 (Mich. 2006).

Petitioner filed a motion for relief from judgment in which he claimed that (i) his sentence was invalid because the trial court relied on facts that he did not admit and that were not determined by a jury; and (ii) he was entitled to a hearing and re-sentencing under Lockridge

because the trial court engaged in judicial fact-finding that increased his sentencing range, in violation of his rights under the Sixth Amendment. Pet. ¶ 10. The trial court denied Petitioner's motion after concluding that Petitioner's arguments were not properly before the court because Lockridge was not retroactive. Id. ¶ 11.

Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied leave to appeal on the basis that Petitioner had failed to establish that the trial court erred in denying his motion. Id. ¶ 12. On December 21, 2016, the Michigan Supreme Court denied leave to appeal because Petitioner's motion was prohibited by Michigan Court Rule 6.502(G). Id. ¶ 13; People v. Davis, 887 N.W.2d 801 (Mich. 2016).

On April 17, 2017, Petitioner commenced this action. As noted above, his sole ground for relief is that the state trial court's decision on his request for re-sentencing is an unreasonable application of clearly established federal law because the state court found that the rule of Lockridge was procedural and did not apply retroactively to his case. Pet. ¶¶ 11, 14, and 18.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102. Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that

supported the state-court's decision is examined and found to be unreasonable under the AEDPA.  See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be."  Harrington, 562 U.S. at 102.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents.  Id.  Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."  Id.  Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law."  Woodford v. Viscotti, 537 U.S. 19, 24 (2002).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington, 131 S. Ct. at 786-787.

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence.  Id.; Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

### III. ANALYSIS

**A. Merits**

5

The disputed question here is whether the state court should have applied the Michigan Supreme Court's decision in Lockridge retroactively to Petitioner's criminal case. Petitioner contends that the state trial court sentenced him under portions of the sentencing guidelines that were held unconstitutional in Lockridge. Petitioner's argument is based on state court decisions that unconstitutional rules are void for any purpose and that judicial decisions are to be given complete retroactive effect. Pet. ¶ 19.

In Lockridge, the Michigan Supreme Court concluded:

> [T]he rule from Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as extended by Alleyne v. United States, 570 U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient. That deficiency is the extent to which the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the "mandatory minimum" sentence under Alleyne.

Lockridge, 870 N.W.2d at 506 (emphases in original).

To remedy the constitutional violation, the Michigan Supreme Court "sever[ed] MCL 769.34(2) to the extent that it makes the sentencing guidelines range as scored on the basis of facts beyond those admitted by the defendant or found by the jury beyond a reasonable doubt mandatory." Id. It "also [struck] down the requirement in MCL 769.34(3) that a sentencing court that departs from the applicable guidelines range must articulate a substantial and compelling reason for that departure." Id.

The court held "that a guidelines minimum sentence range calculated in violation of Apprendi and Alleyne is advisory only and that sentences that depart from that threshold are to be reviewed by appellate courts for reasonableness." Id. The court further held "that a

sentencing court must determine the applicable guidelines range and take it into account when imposing a sentence." Id.

The U.S. Supreme Court, however, has said that, "[w]hen questions of state law are at issue, state courts generally have the authority to determine the retroactivity of their own decisions." Am. Trucking Ass'ns, Inc. v. Smith, 496 U.S. 167, 177 (1990) (citing Great N. R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364 (1932)). And, in this case, the state trial court apparently determined that Lockridge is not retroactive. The state court's interpretation of state law binds this Court sitting in habeas corpus. Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Petitioner therefore has no right to relief on his claim.

**B. Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be denied. Accordingly, a certificate of appealability is not warranted in this case.

Although the Court denies a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate the Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. Id. at 764-765.

### IV.  CONCLUSION

For the reasons stated above, the Court denies the petition (Dkt. 1), denies a certificate of appealability, and grants permission to proceed in forma pauperis on appeal.

SO ORDERED.

Dated:  July 17, 2017                                          s/Mark A. Goldsmith
   Detroit, Michigan                                           MARK A. GOLDSMITH
                                                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 17, 2017.

s/Karri Sandusky  
Case Manager